# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM LEE, Governor | ) |
| of the State of Tennessee, and | ) |
| DAVID RAUSCH, Director of the | ) |
| Tennessee Bureau of Investigation, | ) |
| in their official capacities | ) |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

The plaintiff moves the Court for permission to proceed in this action under the pseudonym "John Doe" and to enter a protective order barring dissemination of his true name and requiring that any documents containing his true name be filed under seal.

In support of this motion, the plaintiff states:

1. Courts "may excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004).

2. Fed. R. Civ. Proc. 26(c) authorizes the Court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

3. Because of the stigma attached to sex offender registration, it is standard practice in litigation brought by registrants for courts to allow the plaintiffs to proceed under pseudonyms.

4. The plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings because his status as a registered sex offender exposes him and his family to significant risks of substantial harm..

5. The plaintiff has no objection to providing his true name to the defendants if the Court enters a protective order barring further dissemination of the plaintiff's true name and requiring that any documents containing the plaintiff's true name be filed under seal. A proposed protective order is attached to this motion as Exhibit 1.

Dated: March 24, 2022.

Respectfully submitted:

Thomas A Maynard
Attorney for Petitioner
111 N. Greenwood St Suite B
Lebanon, TN 37087
615.784.4677 p
615.784.4676 f

CERTIFICATE OF SERVICE

I certify that on March 22, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by First Class Mail:

Governor William Lee c/o Hon. Herbert H. Slatery, III Attorney General & Reporter
P.O. Box 20207 Nashville, TN 37202-0207

Director David Raucsh
Tennessee Bureau of Investigation c/o Hon. Herbert H. Slatery, III Attorney General & Reporter
P.O. Box 20207 Nashville, TN 37202-0207

_____
Thomas A Maynard
Attorney for Petitioner
111 N. Greenwood St Suite B
Lebanon, TN 37087
615.784.4677 p
615.784.4676 f

# EXHIBIT 1

## Proposed Protective Order

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

## PROTECTIVE ORDER

This matter came before the Court on the plaintiff's motion for permission to proceed under a pseudonym and for a protective order. Based on the motion, the Court finds there is good cause to enter a protective order as follows:

1. All documents filed with the Court that contain the name of the plaintiff or information that identifies the plaintiff or his family members, directly or indirectly, shall be filed under seal. In all publicly-filed documents, the plaintiff shall be identified only by his pseudonym.

2. If requested to do so, the plaintiff's counsel shall disclose the name of the plaintiff to counsel for the defendants.

3. Counsel for the defendants may disclose the identity of the plaintiff to the named defendants, employees of the defendants, and experts retained in this case, but only to the minimum extent necessary to litigate this action.

4. Individuals to whom disclosure of the plaintiff's identity is made shall not further disclose that information to any other person without first obtaining confirmation from the defendants' counsel that such disclosure is necessary to litigate this action.

5. Any person to whom disclosure is made as a result of this litigation shall first read this protective order prior to having access to the identity of the plaintiff. Counsel for the defendants shall ensure that all persons to whom disclosure is made pursuant to paragraph 3 and 4 are aware of this protective order.

6. Under no circumstances shall any person disclose the plaintiff's name to the media without the consent of the plaintiff's counsel.
7. If any specific issues related to non-disclosure of the plaintiff's identity arise during the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this court.

IT IS SO ORDERED.

_____
District Judge