IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00208 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WILLIAM LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY INJUNCTION ORDER**

Pending before the Court is "Plaintiff's Unopposed Motion for a Preliminary Injunction (Doc. No. 35, "Motion"). Via the Motion, Plaintiff asks this Court to issue a preliminary injunction prohibiting Defendants and their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them from:

(1) Enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA") (T.C.A. § 40-39-201 et seq.) against Plaintiff;

(2) Requiring Plaintiff to comply with any portion of SORA; and

(3) Publishing Plaintiff's information on the sex offender registry.

(Doc. No. 35 at 1).

Although Defendants have not filed a response, they subsequently filed a "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal" (Doc. No. 36) and "Joint Case Resolution Status Report" (Doc. No. 37) indicating that the Motion is unopposed. Defendants maintain that SORA does not violate the Ex Post Facto Clause but simultaneously

recognize that *Does #1-5 v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016) is governing precedent repeatedly relied upon by federal district courts in Tennessee in concluding that SORA violates the Ex Post Facto Clause and granting preliminary and permanent injunctive relief to specific sexual offenders. *See Craig v. Lee*, No. 3:22-CV-00181, 2023 WL 2505896, at *2 (M.D. Tenn. Mar. 14, 2023) (collecting cases granting preliminary injunctions); *Does #1-9 v. Lee*, No. 3:21-CV-00590, 2023 WL 2335639, at *19 (M.D. Tenn. Mar. 2, 2023); *Doe #11 v. Lee*, 609 F.Supp.3d 578 (M.D. Tenn. 2022).[1]

Based on the record as a whole and for good cause shown, including Defendants' lack of opposition, the Plaintiff's Motion (Doc. No. 35) will be **GRANTED.** The Court finds:

(1) Plaintiff has demonstrated that he is likely to succeed on the merits of his Ex Post Facto Clause claim with respect to the retroactive requirements of SORA;

(2) Plaintiff has demonstrated that he will suffer immediate and irreparable injury if injunctive relief is not granted pending trial;

(3) injunctive relief would not cause substantial harm to Defendants or any specifically identified third parties; and

(4) the public interest will not be harmed by injunctive relief pending trial.

It is, therefore, **ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from the following:

---

[1] On March 24, 2023, Defendants filed a notice of appeal in another sexual offender case involving the same or substantially similar legal issues. *See Does #1-9 v. Lee*, Case No. 3:21-cv-590 (M.D. Tenn.), appeal filed, No. 23-5248 (6th Cir. March 28, 2023).

(1) Enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA") (codified at Tenn. Code Ann. §§ 40-39-201 to 40-39-218) against Plaintiff;

(2) Requiring Plaintiff to comply with any portion of SORA; and

(3) Publishing Plaintiff's information on the sex offender registry.

Defendants are **FURTHER ORDERED** to provide notice of this Order to their officers, directors, agents, servants, representatives, attorneys, employees, and affiliates, and those persons in active concert or participation with them. Defendants shall take whatever means are necessary or appropriate to ensure proper compliance with this Order.[2] The Court further finds that Defendants are unlikely to incur more than minimal costs in complying with this preliminary injunction. Accordingly, the Court finds, in its discretion, that it is unnecessary to require Plaintiff to post security as a condition of obtaining injunctive relief. *See Moltan Co. v. Eagle-Picher Indus., Inc.,* 55 F.3d 1171, 1176 (6th Cir. 1995). Plaintiff is thus excused from doing so. This preliminary injunction is effective upon its issuance on April 14, 2023 at 5:00 p.m.

Nothing herein shall be taken to suggest that Defendants have conceded any particular litigation position in the future or have waived any right to defend any aspect of this case beyond this preliminary injunction.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Although Plaintiff is currently proceeding under the pseudonym "John Doe," Plaintiff's actual identity may need to be disclosed to particular subordinates of Defendants in order to effectuate this Order.